DOUCET, Judge.
This suit was brought by the plaintiff, Louisiana Farm Bureau Rice, Inc., to enforce a rice marketing agreement allegedly breaehed by the defendant, Robert H. Miller. Following a trial, the district court rendered judgment in favor of defendant, dismissing plaintiff’s suit at its cost. From that judgment, plaintiff appeals. We affirm.
*841 The record shows that plaintiff is a cooperative marketing association, which was organized under the provisions of LSA-R.S. 3:121, et seq., for the purpose of marketing rice produced by its members or patrons. Defendant, who is a rice farmer, is a shareholder in the association. On July 7, 1976, the parties entered into a rice marketing agreement. Plaintiff agreed to purchase, and defendant agreed to sell and deliver to plaintiff, all of the rice produced by or for him on 100 acres of land in St. Landry Parish for a period of four crop years, beginning with the 1976 crop. The agreement provided that delivery was to be made by the issuance of negotiable warehouse receipts in plaintiff’s name, and payments were to be made in installments. An initial payment was to be made upon delivery and quality analysis of the rice, and the final payment was to be deferred until the “pool” in which the rice was placed had been liquidated. The agreement also provided for liquidated damages of $25.00 for each acre of rice committed but not delivered to plaintiff. ,
Defendant delivered his 1976 crop to plaintiff and was paid according to the terms of the agreement. On September 27, 1977, he issued warehouse receipts to plaintiff for his 1977 crop, which had been harvested and was stored in bins on his farm. This dispute arose later that year when defendant refused to surrender the physical possession of the rice. When plaintiff demanded possession, it had not made the initial payment for the 1977 rice. In addition, defendant had not yet received the final payment for his 1976 crop.
The trial judge found that there was no realistic explanation for plaintiff’s failure to make the initial payment for the rice, which had been delivered by being put under warehouse receipts. Accordingly, he concluded that defendant was justified in treating the contract as dissolved of right and in refusing to carry out his obligations under it. He further concluded that- it would be unfair to allow plaintiff to collect damages under a contract that it had breached first.
On appeal, plaintiff argues that the trial judge erred by not finding that its failure to make the initial payment had been justified. It was established at the trial that the land referred to in the agreement is owned by defendant’s father, and that his father receives a percentage of the proceeds from the sale of the crop as rent. In addition, a percentage of the proceeds is put into a joint account maintained by defendant and his father to cover the costs of irrigating the property. Plaintiff claims that it could not make the initial payment, because defendant failed to give it the information necessary to properly distribute the payment.
Plaintiff offered the testimony of its former employee, Elizabeth Sicks, in support of its position. Miss Sicks testified that she had met with defendant at plaintiff’s offices, and that she had tried unsuccessfully to obtain the information. She testified that when she asked defendant for the information, he told her that he would have to check his records and get back to her later. However, he failed to do so, and she was unable to contact him by telephone, despite several attempts.
Miss Sicks’ testimony was directly contradicted by defendant’s. He acknowledges meeting with her; however, he testified that the purpose of the meeting was to discuss an error in the final payment for his 1976 crop. He denies having been asked for distribution information. In addition, both defendant and his wife, who is his bookkeeper, testified that the distribution information for 1977 was the same as the information that plaintiff had been given in 1976.
After examining all of the evidence in the record, we fully agree with the trial judge’s conclusions. Plaintiff was obligated to make the initial payment prior to the time that defendant refused to surrender the rice. We find nothing in the facts that would excuse plaintiff from fulfilling that obligation. Plaintiff has not shown that it would have incurred any liability to anyone by making the payment entirely to defendant or by distributing it according to the *842 information that it had been given the year before. It may have been its practice to update distribution information annually. However, the fact that it could not, or at any rate did not, do so in this case did not make it impossible for it to perform its obligation. Accordingly, its failure to make the payment within the time specified in the contract constituted a breach of the contract.
It is well settled that a buyer, who is in default by failing to pay promptly, cannot maintain an action for damages for the seller’s failure to fulfill a contract to sell and deliver goods. LSA-C.C. Art. 2487; Smith v. Anders, 148 La. 474, 87 So. 241 (1921); Bunge Corporation v. McGuffie, 317 So.2d 227 (La.App. 3rd Cir. 1975). We therefore find that the judgment dismissing plaintiff’s suit is correct.
For the above and foregoing reasons, the judgment appealed by plaintiff is affirmed. All costs are assessed to the plaintiff-appellant.

AFFIRMED.